### DIAMOND COAL & COKE CO. v. IRON CITY SAND CO. et al. *

### HAZELWOOD DOCK CO. et al. v. DIAMOND COAL & COKE CO.

(Circuit Court of Appeals, Third Circuit. February 19, 1924. Rehearing Denied March 28, 1924.)

Nos. 2800, 3050.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Thomson, District Judge.

William R. Murphy and McIlvain, Murphy & Mohn, all of Pittsburgh, Pa., for appellant.

Edwin W. Smith and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for appellee Hazelwood Dock Co.

Lowrie C. Barton, of Pittsburgh, Pa., for appellee Iron City Sand Co.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

*Certiorari denied 44 Sup. Ct. 638, 68 L. Ed. —.

PER CURIAM. The Diamond Coal & Coke Company owned, among others, barges Nos. 268, 254, 301, 274, 308, 265, 264, 285, and 269, which previous to the war had been used in delivering coal in the South and elsewhere. On account of an embargo during the war, they were not being used, and had been sent across the Monongahela river from the company's plant and anchored to trees along its banks at Pittsburgh. On January 1, 1919, the river began to rise, and continued until 2 o'clock in the afternoon the following day, January 2, 1919, when the flood became so heavy that the barges broke loose. They pulled up the trees in most instances, one or two lines only being broken, and went down the river. They did considerable damage to the property of the Hazelwood Dock and the Iron City Sand Company.

At the institution of proceedings to recover damages against the Diamond Coal & Coke Company, it filed a petition under sections 4283 and 4289 of the Revised Statutes of the United States (Comp. St. §§ 8021, 8027) to limit its liability to the amount of its interest in the barges on the ground that the damages were occasioned without its privity or knowledge. The dock and sand companies filed answers. The late Judge Orr heard the petition, and decreed that the petitioner was not entitled to limited liability, because the breaking away of the barges and the consequent damage could not "be said to have been without the privity or knowledge" of the owner. 297 Fed., 238. The dock and sand companies filed claims against the coal and coke company, specifying their respective damages. The issues were referred to J. Wood Clark, Esq., commissioner, to take the proofs and report to the court. He reported that the damages were occasioned through negligence of the coal and coke company and awarded damages. Judge Thomson in a clear and thoughtful opinion dismissed the exceptions filed to the report. 297 Fed. 242. Appeals were taken from the decrees entered by both Judge Orr and Judge Thomson.

We have correctly considered the assignments of error, but are not convinced that error was committed by either of them, and so both decrees are affirmed, on the opinions of the learned District Judges.

BUFFINGTON, Circuit Judge, did not take part in the consideration and decision of these cases.